# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2026

Lyle W. Cayce
Clerk

———————

No. 24-30696

———————

Police Jury of Calcasieu Parish,

*Plaintiff—Appellee*,

*versus*

Indian Harbor Insurance Company; Lexington
Insurance Company; QBE Specialty Insurance Company;
Steadfast Insurance Company; United Specialty
Insurance Company; General Security Indemnity
Company of Arizona; Old Republic Union Insurance
Company; Safety Specialty Insurance Company,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:24-CV-342

———————————————————————

Before Southwick, Higginson, and Wilson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

The Police Jury of Calcasieu Parish (the Parish) purchased surplus
line insurance from various foreign and domestic insurers. Although the in-
surers signed a single policy, the agreement's Contract Allocation Endorse-
ment specified that the agreement "shall be construed as a separate contract
between the Insured and each of the Underwriters." Following Hurricanes

No. 24-30696

Laura and Delta in 2020, the Parish filed claims with the insurers. When they allegedly failed to compensate the Parish, the Parish sued in state court. But the Parish quickly moved to dismiss with prejudice the foreign insurers from the case. The remaining domestic insurers removed the case to federal district court. In the years since, this dispute has been back and forth between federal and state court, had questions certified to and answered by the Louisiana Supreme Court, *see Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-00449, p. 4–17 (La. 10/25/24), 395 So. 3d 717, 721–30, and come before this court on two prior occasions, *see Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, No. 24-30075 (5th Cir. Mar. 15, 2024); *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, No. 24-30261 (5th Cir. June 25, 2024).

On this go-around, the saga finally ends. Throughout this litigation, the domestic insurers have claimed subject-matter jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention).[1] They have sought to compel the Parish to arbitrate, arguing that the Convention applies and requires arbitration, either because the foreign insurers (although dismissed from the litigation) remain parties to the agreement or because the doctrine of equitable estoppel mandates the Convention's enforcement. Before our court, the Parish has hotly contested both our subject-matter and appellate jurisdiction, as well the Convention's applicability.

Today, in light of our court's recent decision in *Town of Vinton v. Indian Harbor Insurance, Co.*, 161 F.4th 282 (5th Cir. 2025), we resolve this dispute on subject-matter jurisdiction grounds. In *Vinton*, a town in Calcasieu

---

[1] The domestic insurers originally claimed diversity jurisdiction as well, but later conceded the timing of removal barred it.

No. 24-30696

Parish entered a substantively identical surplus line policy with foreign and domestic insurers. *Id.* at 285. As here, the town sued in state court following a coverage dispute stemming from Hurricanes Laura and Delta and quickly dismissed the foreign insurers with prejudice. *Id.* As here, the remaining domestic insurers removed the case to federal district court and moved to compel arbitration under the Convention. *Id.* at 285–86. The district court denied the motion. *Id.* at 286.

On appeal, our court agreed with the district court that the insurance policy consisted of separate contracts "between the insured and each of the insurers." *Id.* This conclusion flowed from the insurance policy's Contract Allocation Endorsement—identical to that at issue here—which provided that the "contract shall be constructed as a separate contract between the Insured and each of the Underwriters." *See id.* at 287. Our court determined that the Louisiana Supreme Court's certified answers in *this* case commanded that, despite circuit precedent, Louisiana law "precludes the use of estoppel to compel arbitration." *Id.* at 288 (explaining how the Louisiana Supreme Court countermanded our court's equitable estoppel decision in *Bufkin Enter. v. Indian Harbor Ins. Co.*, 96 F.4th 726 (5th Cir. 2024)).

*Vinton* dictates the outcome here.[2] The Parish's insurance policy includes an identical endorsement provision to that at issue in *Vinton*. Accordingly, there is no foreign party to any arbitration agreement at issue in this case, nor any agreement that falls within the Convention's scope. Since the Convention's applicability is the sole basis for subject-matter jurisdiction, it follows that we lack it.

_____

[2] Indeed, the parties jointly urged us to stay this litigation pending *Vinton*'s resolution.

3

No. 24-30696

\*        \*        \*        \*

We REMAND the case to the district court for consideration of the pending motions before it consistent with *Vinton*. We FURTHER DENY AS MOOT the Parish's motion for summary reversal and remand, and we likewise DENY AS MOOT the domestic insurers' motion to stay.